IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Les Gardner, and Sandra Hardaway as Parent and Natural Guardian of Matthew Hardaway, a minor under Eighteen (18) years of age,<br>Plaintiff,<br><br>vs.<br><br>Ideal Solutions, Inc., Employer Benefits, Inc., American Benefits Plan, Southern Plan Administrators, and EosHealth,<br><br>Defendants. | Civil Action No. 6:03-4120-HFF-BHH<br><br>**O R D E R** |

      This matter is before the court on a motion to quash subpoena filed by attorney Robert E. Hoskins. The motion was referred to this court for disposition pursuant to Title 28, United States Code, Section 636, by order of the Honorable Henry F. Floyd, United States District Judge.

      Three related actions involving Ideal Solutions, Inc. ("Ideal") are now pending before this court. Attorney Hoskins represents Ideal in two of the actions, but he does *not* represent Ideal or any other party in the matter *sub judice*. The cases arise out of a self-funded, ERISA-governed benefit plan created and administered by Ideal. Ideal takes the position that the reinsurance carrier through which it purchased reinsurance turned out to be fraudulent, resulting in Ideal facing claims of nearly $1 million from plan participants. The plaintiffs in the instant case claim to have incurred approximately $40,000 in medical expenses that would have otherwise been covered by the health insurance plan but which Ideal has failed to pay. The plaintiffs brought the instant action against Ideal alleging causes of action for negligence and breach of contract and, in the alternative, a cause of action for violation of ERISA. Defendant Ideal is represented by Thomas Stephenson and William McKibbon in the instant action.

According to Mr. Hoskins, he represents Ideal in a declaratory judgment action against Continental Casualty Company in which Ideal seeks to procure liability coverage and in a lawsuit against MedCost, LLC, in which Ideal asserts that MedCost is obligated to contribute monies to the plan to fund claims by plan participants.  In those actions, Ideal views its role to be that of a fiduciary of the ERISA benefit plan (m. to quash 2).  Accordingly, Mr. Hoskins concluded that he is ethically prohibited from participating in Ideal's defense in the instant matter because Ideal is defending itself against plan participants' claims, which would conflict with his duties to act in the best interest of the plan and the plan participants, as he must in the other two actions (m. to quash 2-3).

In December 2004 and April 2005, the plaintiffs' counsel in the instant action served discovery requests upon Mr. Hoskins.  On both occasions, Mr. Hoskins notified plaintiffs' counsel Leigh Powers that he did not represent Ideal in the matter *sub judice* and that the requests should be sent to Ideal's counsel of record.  On April 19, 2005, the plaintiffs' counsel served Mr. Hoskins with a subpoena *duces tecum*.  Mr. Hoskins again wrote to the plaintiffs' counsel advising her that he did not represent the defendant in the instant action and requesting that she withdraw the subpoena.  The plaintiffs' counsel advised that she would not withdraw the subpoena.

Mr. Hoskins argues that the plaintiffs' counsel is attempting to circumvent the proper discovery process by serving a subpoena for documents upon Ideal's counsel of record in other matters.  Mr. Hoskins argues that the plaintiffs' counsel is compromising his ethical obligations and causing him to have to perform unnecessary work in preparing this motion and/or responding to the subpoena (m. to quash 6).

The plaintiffs point out that the three cases at issue were consolidated for purposes of discovery and scheduling by Judge Floyd on October 6, 2004.  They further argue, "It is maintained in the objection to this subpoena that this information may be obtained readily and easily from the defense counsel in the Gardner case.  Notwithstanding the fact that there has been no offer to provide the documents nor has any discovery responses been received,

2

Rule 34 does not require this information be obtained solely through the parties in the Gardner case" (pl. opp. 6).  The plaintiffs state in their opposition to the motion to quash, "The subpoena was not directed to Ideal Solutions, Inc., but to Mr. Hoskins.  It seeks information regarding his role as plan administrator and any other information that he may have obtained acting as a fiduciary for Ideal Solutions, Inc" (pl. opp. 6).  In his reply brief, Mr. Hoskins states, "Plaintiffs' counsel is under a gross misapprehension of fact. . . .  The undersigned is not the plan administrator nor is he a fiduciary of the plan in any way. . . .  The undersigned is but an attorney representing a client in two other ERISA governed matters pending before this court" (reply 4) (emphasis in original).  Further, Mr. Hoskins states in his reply that according to Ideal's counsel of record in the instant case, *no* interrogatories or requests to produce have been served upon Ideal's counsel in the matter *sub judice* (reply 5).

It is unclear to this court why this matter could not be resolved between Mr. Hoskins and the plaintiffs' counsel.  It is equally unclear why plaintiffs' counsel has refused to withdraw the subpoena and simply serve discovery requests on counsel of record.  Whether it is because of the "misapprehension of fact" described by Mr. Hoskins or an attempt by the plaintiffs to circumvent the proper discovery process, this court finds that the subpoena should be quashed.

Now, therefore,

IT IS ORDERED that the motion to quash subpoena is granted.  It is further ordered that Mr. Hoskins' request for attorney fees and costs in preparing the motion to quash is granted.

IT IS SO ORDERED.

s/Bruce H. Hendricks
United States Magistrate Judge

May 31, 2005

Greenville, South Carolina

3